**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BRUCE LARKIN,

        Plaintiff,

v.                                                                                   Case No. 6:15-cv-773-Orl-37KRS

WINN-DIXIE STORES, INC.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Winn-Dixie Stores, Inc.'s Motion to Stay Proceedings and Incorporated Memorandum of Law (Doc. 15), filed June 16, 2015; and

2. Plaintiff's Opposition to Motion to Stay Proceedings (Doc. 16), filed June 23, 2015.

**BACKGROUND**

On May 13, 2015, Plaintiff Bruce Larkin initiated this action against Defendant Winn-Dixie Stores, Inc. to enforce the public accommodation accessibility requirements ("Title III") of the Americans with Disabilities Act, 42 U.S.C. § 12182 ("ADA"). (Doc. 1.) Based on his December 3, 2014 visit to Defendant's grocery store in Apopka, Florida ("Store"), Plaintiff seeks entry of injunctive and declaratory relief, and an award of his attorney fees and costs. (*See id.* ¶¶ 8, 9, 18, 19.)

On June 11, 2015, Defendant filed its Answer denying that the Store violates the ADA and alleging that this action is "moot" to the extent that Defendant has undertaken remediation or removal of "the alleged architectural barriers and is now or will soon be in

compliance with the ADA." (*See* Doc. 12, p. 5 ("Eighth Affirmative Defense").) Defendant also filed a Motion to Stay this action for six months to complete its remediation efforts. (*See* Doc. 15.) Plaintiff filed his Response to the Motion to Stay. (Doc. 16.) Finally, both parties filed notices that this action is related to a closed ADA action which Plaintiff's counsel previously filed against Defendant on behalf of Joe Stringham ("*Stringham* Plaintiff"))—*Stringham v. Winn-Dixie Stores, Inc.*, 6:14-cv-1039-22TBS ("*Stringham* Action").[1] (*See* Docs. 8, 14.)

## STANDARDS

### I.  ADA

"Title III of the ADA prohibits discrimination in public accommodations, and gives specific guidance to that end." *See Gomez v. Dade Cnty. Fed. Credit Union*, No. 14-11539, 2015 WL 2082213, at *1 (11th Cir. May 6, 2015). Any person who owns, leases, or operates "a place of public accommodation" is subject to the ADA's "'clear, strong, consistent, enforceable standards.'" *See id.* (quoting 42 U.S.C. § 12101(a)(7)); *see also* 42 U.S.C. § 12181(7)(E) (defining public accommodation as a "grocery store"). No administrative process exists to ensure ADA compliance;[2] rather, "private attorney general" suits are "the most common form" of ADA enforcement. *See Gomez*, 2015 WL 2082213, at *1, n.1 (citing 42 U.S.C. §§ 12188(a)(1) and 2000a-3(a)). The

---

[1] After pending before this Court for six months, the *Stringham* Action was dismissed due to the death of the *Stringham* Plaintiff. (*See Stringham* Action, Docs. 16, 17; *see also* Doc. 15, ¶¶ 9–10.)

[2] Before filing an ADA enforcement action, private plaintiffs need not provide defendants with pre-suit notice or an opportunity to cure the alleged ADA violation. *See* 28 C.F.R. § 36.501(a) (providing that private plaintiffs need not "engage in a futile gesture if the person has actual notice that" the defendant "does not intend to comply with" the ADA).

2

availability of attorney fee awards to prevailing parties has incentivized pursuit of such suits—even though the relief available to private ADA plaintiffs is otherwise limited to injunctive relief and costs. *See Rodriguez v. Investco, LLC*, 305 F.Supp.2d 1278, 1281 (M.D. Fla. 2004); *Steven Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1375 (M.D. Fla. 2004).

## II. Stay of Proceedings

Federal district courts possess "general discretionary power" to stay proceedings "in the interests of justice and in control of their dockets." *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544–45 (11th Cir. 1983); *see also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (noting that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). The proper exercise of such discretionary power requires a weighing of competing interests. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Further, courts should not enter an indefinite stay absent "a pressing need." *See id.*

## DISCUSSION

Defendant argues that a stay of this action will promote the "interests of justice, fairness, and efficiency" because: (1) Plaintiff's ADA allegations are "identical" to allegations previously asserted against Defendant in the *Stringham* Action; (2) during the pendency of the *Stringham* Action, the Store was inspected on September 18, 2014, and the *Stringham* Plaintiff produced his expert report on October 23, 2014 ("*Stringham* Report"); and (3) based on the *Stringham* Report, Defendant "voluntarily began" its remediation efforts before learning that Plaintiff filed this action. (*See* Doc. 15, pp. 1–9.) Defendant further argues that unnecessary, repetitive, and "costly litigation" will be

avoided—particularly unnecessary attorneys' fees and expert costs—if the action is stayed "pending completion" of Defendant's ongoing remediation efforts. (*See id.* at 5–7.) Based on the sworn declaration of its "Coordinator of Design & Construction"—Ashley Sharpe—Defendant estimates that it will complete its exterior remediation efforts within six months and it will complete its interior remediation efforts by October 16, 2015. (*See id.* at 16.)

In his Response, Plaintiff does not dispute that his allegations in this action are identical to those asserted in the *Stringham* Action.[3] (*See* Doc. 16.) In fact, the Complaints and the Plaintiffs' respective responses to the Court's Interrogatories in the two actions identify the very same allegedly non-compliant curb ramps, slopes, obstructed paths of travel, urinals, flush controls, grab bars, and stall door hardware.[4] (*Compare* Docs. 1, 10; *with Stringham* Action, Docs. 1, 10.) Further, in their respective visits to the Store, the Plaintiffs in each action were accompanied by the same person—expert witness Chuck Childers. (*Compare* Doc. 10, ¶ 5; *with Stringham* Action, Doc. 10, ¶ 5.) Nonetheless, Plaintiff contends that he is "flabbergasted" by the Defendant's request for a stay. (*See* Doc. 16, p. 1 (dismissing Ms. Sharpe's sworn declaration concerning remediation efforts as "self-serving").) Plaintiff argues that entry of a stay: (1) would cause "substantial" harm to him "because Defendant would be able to correct all the violations" at the Store without the Court awarding him the "judgment to which he is entitled;" and (2) would disserve the

---

[3] An error in the Plaintiffs' allegations concerning the location of the Store appears in both Complaints—even though the error was noted in the *Stringham* Action. (*See Stringham* Action, Doc. 12, ¶ 2 (providing correct address); *see also* Docs. 1, 12.)

[4] Further, like the Plaintiff here, the *Stringham* Plaintiff was male and his disability required him to ambulate with the assistance of a wheelchair. (*Compare* Docs. 1, 10; *with Stringham* Action, Docs. 1, 10.)

public interest by discouraging plaintiffs from "acting as the 'private attorneys general' that the ADA intended." (*See id.* at 2.)

The Court agrees with Plaintiff that the laudable goals of the ADA could be frustrated were courts to routinely grant motions to stay in order to provide ADA defendants the opportunity to assess and remediate their properties;[5] however, entry of a stay in this action would not be routine. This action is unique in that the Defendant has actually commenced remediation efforts after a prior inspection of the Property and the production of an expert report in a virtually identical ADA action that the Court dismissed due to circumstances beyond the control of the parties. Plaintiff has not explained what might be gained by repeating the inspection and expert report processes in this action, and the Court can imagine no advantage.[6] Further, the prospect that Plaintiff may not be awarded attorney fees in this action—which is one of the many ADA cases Plaintiff and his attorney have filed in this Court—simply does not outweigh the substantial interests of the Defendant, the public, and this Court in avoiding duplicative litigation efforts and unnecessary expenditure of resources.[7]

---

[5] *See Raetano v. Kally K's, Inc.*, No. 8:08-cv-2104-T-17TGW, 2009 WL 651808, at *4 (M.D. Fla. Mar. 12, 2009) (denying motion to stay).

[6] Like the *Stringham* Plaintiff, the Plaintiff in this action has initiated numerous ADA actions as a "tester." (*See* Doc. 10, pp. 4–7 (listing 33 ADA cases initiated in this Court by Plaintiff); *see also Stringham* Action, Doc. 10, pp. 4–7 (listing 55 ADA cases initiated in this Court by the *Stringham* Plaintiff).)

[7] The Court notes that even if the Court denied the Motion to Stay, any potential attorney fee award to Plaintiff could be substantially diminished to the extent the Court ultimately determined that Plaintiff's filing of this action was unnecessary due to the *Stringham* Action. *See Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 (11th Cir. 2006) (noting that when determining attorney fee awards in ADA actions, district courts may consider a plaintiff's failure to provide pre-suit notice to a defendant to the extent such inaction "supports a finding that the plaintiff filed or maintained a suit unnecessarily").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Winn-Dixie Stores, Inc.'s Motion to Stay Proceedings and Incorporated Memorandum of Law (Doc. 15) is **GRANTED**.

2. This action is **STAYED** until **January 4, 2016**.

3. On or before **January 5, 2016**, Defendant shall provide Plaintiff with a comprehensive report concerning Defendant's remediation efforts at the Store.

4. On or before **January 8, 2016**, the parties shall confer **in person** concerning the steps necessary to resolve this action, and they shall then file a joint status report with the Court on or before **January 11, 2016**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 22, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record